IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

OCT - 2 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES OF AMERICA,**

v.                                      **CRIMINAL ACTION NO. 2:18cr194**

**ERIC BRIAN BROWN,**

        **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is the United States Court of Appeals for the Fourth Circuit's ("Fourth Circuit") remand of the Court's December 23, 2019 Order pursuant to *Sell v. United States*, 539 U.S. 166 (2003) (the "*Sell* Order") concerning Defendant Eric Brian Brown's ("Defendant") competency to stand trial. ECF Nos. 134 and 135. On September 9, 2020, the Court ordered the parties to file supplemental memoranda regarding Defendant's medical state. ECF No. 137. The Court then held a status conference and considered the parties' filings on the matter. For the reasons stated below, the Court's *Sell* Order is **VACATED.** Pursuant to 18 U.S.C. §4241(d), the Attorney General is **ORDERED**, within 30 days, to determine whether certifications under 18 U.S.C. §§ 4246(a) and 4248(a) are to be filed with the United States District Court for the Eastern District of North Carolina.

### I. FACTUAL AND PROCEDURAL HISTORY

Defendant is charged with Count 1, Kidnapping Resulting in Death, in violation of 18 U.S.C. § 1201(a)(1) and (2); Count 2, Assault with Intent to Commit Aggravated Sexual Abuse and Sexual Abuse, in violation of 18 U.S.C. § 113(a)(1); Count 3, Assault with Intent to Commit a Felony, in violation of 18 U.S.C. 113(a)(2); Count 4, Assault Resulting in Serious Bodily Injury,

1

in violation of 18 U.S.C. § 113(a)(6); Count 5, Theft of Personal Property, in violation of 18 U.S.C. § 661; and Count 6, Stalking, in violation of 18 U.S.C. § 2261A(1). ECF No. 104. On December 15, 2017, the Court ordered an examination of Defendant to determine his competency to stand trial pursuant to 18 U.S.C. § 4241(a) and Fed. R. Crim. P. 12.2(c)(1)(A). ECF No. 17. On January 23, 2018, the Court received the forensic report on the Defendant, which informed the Court's determination that Defendant was incompetent to stand trial. ECF Nos. 20, 24. Since that time, Defendant has been committed to the custody of the Attorney General in FMC Butner in an attempt to restore his competency to stand trial. Since his admission into FMC Butner, Defendant has consistently refused all voluntary treatment and the oral administration of antipsychotic medication.

On June 22, 2018, the Court affirmed the Bureau of Prison's ("BOP") administrative determination to forcibly medicate Defendant pursuant to *Washington v. Harper*, 494 U.S. 210 (1990). ECF No. 45. Since his *Harper* hearing, Defendant has been treated under the Harper Factors. His treatment consists of the involuntarily medication of haloperidol, an antipsychotic that is administered via injection and mitigates the symptoms of Defendant's schizophrenia and catatonia enough to place him in partial remission and limit the acute risk he will harm himself or others. *See* ECF No. 94. However, Defendant still suffered residual symptoms that continued to interfere with his competency to stand trial. *Id.*

Because Defendant's competency did not improve and because Defendant refused to voluntarily take the necessary medication to potentially restore Defendant to competency, on December 10, 2019, the Court held a *Sell* hearing to determine whether additional involuntary medication was a plausible solution. ECF No. 118. On December 23, 2019, the Court issued a *Sell* Order, permitting the government to involuntarily medicate Defendant with a two-drug treatment

2

of haloperidol and olanzapine. The *Sell* Order was subsequently stayed pending Defendant's appeal to the Fourth Circuit.

On May 14, 2020, the Government filed a Notice of Adjusted Medication indicating that FMC Butner observed a notable deterioration in Defendant's functioning in or around mid-April 2020. ECF No. 133. As a result of Defendant's mental decline, FMC Butner had to forcibly administer additional treatment "for [Defendant's] health and the safety of others." ECF No. 133. Specifically, on May 12, 2020, Defendant was given a daily injection of 10 milligrams of olanzapine, in addition to his existing biweekly injections of 100 milligrams of haloperidol for an initial period of two weeks, followed by long-acting injections of olanzapine if the daily doses were safely tolerated. *Id.*

On August 14, 2020, the Fourth Circuit remanded the Court's *Sell* Order based upon changed circumstances concerning Defendant's mental health. ECF No. 134. The Fourth Circuit instructed that it would "allow the district court to address this new information as an initial matter prior to any appellate review of the merits of the current *Sell* order." *Id.* On September 9, 2020, the Court ordered the parties to file supplemental memoranda regarding Defendant's medical state. ECF No. 137. On September 17, 2020, Defendant, through counsel, filed his supplemental brief. ECF No. 138. The government filed its brief on September 21, 2020. ECF No. 140.

Upon review of the parties' filings and various medical records, despite recent efforts to further restore Defendant's mental faculties, FMC Butner's chief psychiatrist, Dr. Logan Graddy, M.D., and a forensic psychologist, Dr. Evan Du Bois, both agree that Defendant cannot be restored to competency. ECF No. 138, Exs. 6-7 and ECF No. 140, Ex. 1. As recent as September 10, 2020, Dr. Gaddy noted:

> "Psychiatrically he is improved. However, he continues to have delusions that impair his competency. We have also witnessed some disruptive/psychotic behavior. While this behavior has been serious and repeated, despite attempts to educate and redirect

3

him, there is not sufficient justification for further increases in his doses of involuntary psychiatric medication."

ECF No. 140, Ex. 3. In considering the medical advice of these health professionals, the parties also agree that Defendant is unlikely to be restored to competency. *See* ECF Nos. 138 and 140. On September 29, 2020 the Court held a status conference and considered the parties' filings on the matter. ECF No. 142. Having sufficient information to make renewed findings in its *Sell* Order, the Court now responds to the Fourth Circuit's remand.

## II. LEGAL STANDARD

Through a series of cases, the United States Supreme Court ("Supreme Court") has established a framework to determine whether the "forced administration of antipsychotic drugs to render [a criminal defendant] competent to stand trial unconstitutionally deprives [the defendant] of [their] 'liberty' to reject medical treatment." *Sell*, 539 U.S. at 177. In *United States v. Harper*, 494 U.S. 210 (1990), the Supreme Court "recognized that an individual has a 'significant' constitutionally protected 'liberty interest' in 'avoiding the unwanted administration of antipsychotic drugs.'" *Id.* at 178 (quoting *Harper*, 494 U.S. at 221). However, the Supreme Court also found that "the State's interest in administering medication was legitimate and important, and it held that the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* (internal quotations and citations omitted).

Furthermore, the Supreme Court has made clear that the circumstances justifying the intrusion of the liberty of an individual person implicit in the act of forcibility medicating a criminal defendant are "rare." *Id.* In order to justify forcibly medicating a criminal defendant to achieve competency for trial, a district court must make a series of findings with respect to four

4

factors identified by the Supreme Court in *Sell* ("Sell Factors") as well as consider relevant special circumstances. Further, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has provided the following guidance for district courts in applying the Sell Factors:

> Because the involuntary administration of antipsychotic drugs for purposes of trial competence implicates both a person's significant liberty interest in avoiding unwanted drugs and the public's interest in prosecuting crimes, a higher standard of proof for entry of such an order is desirable. A higher standard—a standard greater than the preponderance-of-the-evidence standard but not as demanding as the beyond-a-reasonable-doubt standard—minimizes the risk of erroneous decisions in this important context.

*United States v. Bush*, 585 F.3d 806, 814 (4th Cir. 2009) (internal citation omitted). Therefore, the Court must find that the Sell Factors weigh in favor of the Government by clear and convincing evidence. *Id.*

In order to forcibly medicate a defendant to restore competency to stand trial, the Government must establish the following, by clear and convincing evidence: (1) that an important governmental interest exists, such as bringing a defendant to trial who is charged with a serious crime; (2) that involuntary medication will significantly further the Government's interest; (3) that involuntary medication is necessary to further the Government's interest, as less intrusive means of restoring competency are unlikely to be successful; and (4) that the use of any medicines are medically appropriate in light of the defendant's condition. *Sell*, 539 U.S. at 179. With these legal standards in mind, the Court now reconsiders its previous *Sell* Order.

### III. DISCUSSION

#### *1. The Court vacates its prior Sell Order.*

The Court previously determined that all four of the *Sell* factors were met as applied to Defendant. *See* ECF No. 122. On remand, the Court now considers whether new evidence of Defendant's recent medical setbacks still warrant a *Sell* order. Based upon Defendant's decline in

5

health and the expert opinions of various psychiatrists and psychologists referenced in Defendant's medical records, the Court finds that Defendant can no longer be restored to competency in order to stand trial. As such, prongs two and four of the *Sell* Factors, are not proven. Accordingly, the Court's prior *Sell* Order, ECF No. 122, is **VACATED**.

### 2. The Attorney General must take steps to determine whether to civilly commit Defendant pursuant to 18 U.S.C. §§ 4241(d), 4246(a) and 4248(a).

In view of Defendant's inability to be restored to competency, the Court must pursue other statutory requirements. Pursuant to 18 U.S.C. § 4241(d), "[i]f... it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." The Court **FINDS** that based upon Defendant's medical records and the parties' filings, Defendant's position has not improved such that Defendant can stand trial. Instead, Defendant is subject to the provisions of 18 U.S.C. §§ 4246(a) and 4248(a).

Title 18 U.S.C. § 4246(a) provides:

> "If the director of a facility in which a person is hospitalized certifies that a person.. who has been committed to the custody of the Attorney General pursuant to section 4241(d)... is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.... The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section."

Title 18 U.S.C. §§ 4248(a) provides:

> "In relation to a person... who has been committed to the custody of the Attorney General pursuant to section 4241(d),... the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate

6

to the clerk of the court for the district in which the person is confined.... The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section."

Accordingly, the Court **ORDERS** that the Attorney General, within 30 days of receipt of this Order, coordinate a determination of whether the appropriate certifications under Sections 4246(a) and 4248(a) are to be filed. Defendant will remain in the custody of the Attorney General under 18 U.S.C. § 4241(d) until the Attorney General complies with this Order. Upon receipt of any applicable certifications, release of Defendant is automatically stayed while the Court acts in accordance with the relevant statutes.

### *3. The indictment will remain pending against Defendant in the event Defendant's competency is restored.*

According to various medical professionals, Defendant may eventually be restored to competency.[1] Should restoration occur, Defendant will not evade prosecution for the crimes charged against him. There is no precedent that prohibits the Court from allowing the indictment to remain pending in the event Defendant's competency is restored. *See United States v. Ecker*, 78 F.3d 726, 732 (1st Cir.1996) ("The relevant statutes are silent as to dismissal of a pending indictment upon commitment for dangerousness."); *United States v. Hunter*, 2013 WL 5874646, (E.D.Va. October 31, 2013) (indicating that "nothing in the statute says or implies that an individual committed pursuant to § 4246 cannot be subject to a pending indictment."). Therefore, the indictment will remain pending against Defendant.

## IV. CONCLUSION

Given the Defendant's state of mind, the Court concludes that Defendant is not competent

---

[1] For instance, Petitioner could very well voluntarily take medication such as clozapine which is not available in the injection form and can only be administered voluntarily. According to Dr. Du Bois, clozapine "might be effective" to restore Defendant to competency. ECF NO 140, Ex. 3 at 27.

7

to stand trial and does not meet the criteria to impose the Court's prior *Sell* Order. For the foregoing reasons, the Court's prior *Sell* Order, ECF No. 122, is **VACATED,** the Attorney General is **ORDERED**, within 30 days, to determine whether certifications under 18 U.S.C. §§ 4246(a) and 4248(a) are to be filed with the United States District Court for the Eastern District of North Carolina, and the indictment against Defendant shall remain pending before this Court.

The Court **DIRECTS** the Clerk to provide copies of this Order to Defendant's Counsel of record, the United States Attorney, and the Federal Bureau of Prisons.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 2, 2020

/s/
Raymond A. Jackson
United States District Judge

8